**GLENN, Sheriff, v. ROBERTSON et al.**

No. 9349—Opinion Filed Jan. 13, 1919.

Rehearing Denied Jan. 13, 1919.

(177 Pac. 372.)

**Execution—Sheriff's Sale of Chattels—Title and Purchaser.**

A purchaser at a sheriff's sale of chattels does not take title to a specific article that was not included in the notice of sale and not actually sold by the sheriff at the sale of the other property levied on, although said article was included in the levy.

(Syllabus by Stewart, C.)

Error from District Court, Marshall County; Jesse M. Hatchett, Judge.

Action by A. M. Robertson and others against John Glenn, as sheriff. Judgment for plaintiffs, and defendant brings error. Reversed and remanded for a new trial.

J. O. Minter, for plaintiff in error.

Rider & Hurt, for defendants in error.

Opinion by STEWART, C. On March 27. 1916, plaintiff in error, as sheriff of Marshall county, by virtue of a writ of execution, levied upon certain numerously described articles of property as belonging to the execution debtor, Marshall County Publishing Company, a corporation. On the same day the defendants in error brought an action in the district court against the sheriff for the recovery of the property, setting up title thereto, at the same time instituting replevin proceedings for the immediate possession thereof. The defendants in error attempted to show title by virtue of a purchase at a sheriff's sale had on February 18, 1913, pursuant to an execution in another case against the Marshall County Publishing Company. The plaintiff in error contended that, while certain property of the corporation shown in the sheriff's notice of sale was duly sold on February 18, 1913, the particular property involved in the present case was not sold. The defendants in error offered testimony showing possession of the property from the date of the sheriff's sale, but did not plead adverse possession and the statute of limitation. After the introduction of evidence, however, the record shows the following agreement dictated by the court:

"It is agreed that this case may be submitted to the jury on all proper issues save the question of limitation, and that the court shall later determine whether the plaintiff has title to the property by limitation."

The plaintiff in error having demurred to the evidence and the defendants in error having made a motion for an instructed verdict, the demurrer and the motion were overruled, with exceptions, and the cause was by the court submitted to the jury on two questions: (1) As to whether or not the property was included in the sheriff's sale of February 18, 1913; (2) as to whether or not any of the property had been purchased by the defendants in error after the sheriff's sale from other sources. The jury returned a verdict for the defendants in error, upon which the court rendered judgment. The plaintiff in error has duly appealed.

The court embraced in its charge to the jury the following instructions:

"Now, in passing upon whether or not this property was sold at that time, you will take into consideration all of the evidence which has been introduced, but the presumption is that the property mentioned in the sheriff's return on the execution at that time was sold at that execution sale. This is prima facie proof and the burden would be on the defendant in this case to show by a fair preponderance of the evidence that the return of the sheriff of that sale on February 18, 1913, was not correct. On the other hand, of course, if you find that all or a part of the property involved in this suit has been purchased by the various owners of this printing establishment since that sale in February, 1913, then you would have to find for the plaintiff for such as has been bought, because in no event did that ever become the property of the old Marshall County Publishing Company, and therefore the sheriff would have no right to levy upon it."

To support the claim of title arising from the sheriff's sale, the defendants in error rely upon the return of the sheriff, which return, as introduced in evidence, after naming many articles of property levied upon not including the property now in question, further recites:

"All owned by the Marshall County Publishing Company, a corporation, and levied upon all other property in said building belonging to said company, and thereafter published a notice of the sale of the goods and chattels, specially mentioned above, in the Marshall County News-Democrat, for two consecutive weeks, as provided by law, and the first publication was ten days before the sale, and posted two notices in the township where said goods were located and were to be sold, to wit, one notice at front of the courthouse, in Madill, Okla., and one notice in the post office building, in plain view in Madill, Okla., and proof of said publication is placed on file in this case, and a true copy of the notice of sale, as posted as aforesaid, is hereto attached, marked 'Exhibit A' and made a part hereof; that in pursuance of this execution, the levy made and the notices published and posted. I offered said goods and chattels described in said notice for sale,

for cash, to the highest and best bidder, as provided by said notices and as provided by law, in front of the courthouse, between the hours of 2 p. m. and 3 p. m. on the 18th day of February, 1913; that at said time and place I sold said goods and chattels to Geo. L. Sneed, subject to the mortgages and other liens and incumbrances against the same, for the consideration of $1 305. * * *"

The notice of sale was introduced in evidence, and describes the property to be sold, but does not either specifically or by inference include the property which is the subject of the present litigation, there being no general or specific terms used to cover any other property than that particularly described. The defendants in error derive their chief consolation from the verbiage of the sheriff's return, in which it is stated that he "levied upon all other property in said building," etc. In the motion for new trial, by way of newly discovered evidence, the plaintiff in error seeks to show that the word "other" is a forgery; that the word "said" was erased, and the word "other" substituted. The evidence submitted in connection with the motion for new trial does not convince us conclusively that there was a forgery. However, we do not think the claim of forgery material in disposing of the case. There is evidence that the property involved was in the building at the time of the levy, but the sheriff's return, as it now stands, at most would only tend to show that the sheriff included the same in the levy. The return does not even hint that any property was sold except that mentioned in the notice of sale, but does show that the sheriff caused published notice of sale of the goods and chattels specially mentioned to be given, and that he sold the goods and chattels "described in said notice of sale" at the time and place advertised. It is conceded by both parties that the notice of sale did not include the property now involved, but only the property which was specifically described in the return. Just how it happened that the learned court submitted such issue to the jury passes our comprehension. In so far as any title derived from the sheriff's sale to the property now in litigation is concerned, there was no issue to submit to the jury, the evidence offered by the plaintiff excluding the theory that the same was included in the sheriff's sale.

The witness Coakley is the only person who testified to any of the property involved being purchased since the sheriff's sale from other sources. He stated in general that part of it was owned by the Marshall County Publishing Company at the time of the sale and part of it had been bought afterwards

from other sources by the defendants in error, but he was not able to mention any of the articles so purchased, merely giving his opinion based, as he claimed, on the fact that he knew of other articles of like character being afterwards bought. On cross-examination he admitted that he did not know whether or not any of the "specific stuff," to use his expression, levied upon by the sheriff in the case at bar, was so purchased. The point is not seriously urged by the defendants in error, and there was no evidence whatever upon which to submit such issue to the jury.

The trial court did not pass upon the question of limitation as agreed upon by the parties, but based its judgment, as shown by the journal entry, upon the verdict of the jury, to whom the question of adverse possession and limitation was not submitted. The verdict and judgment rendered thereon was clearly erroneous, because not supported by evidence, and because of erroneous instructions given by the court. As this error must work a reversal, it is not necessary to pass upon other questions raised.

The cause is reversed and remanded for a new trial.

By the Court: It is so ordered.